## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 11-23620-Civ-COOKE/TURNOFF

DAVID S. MANDEL, as Receiver of
COMMODITIES ONLINE, LLC and
COMMODITIES ONLINE
MANAGEMENT LLC,

      Plaintiff,

vs.

JAMES C. HOWARD, III, *et al.*,

      Defendants.

_____/

### OMNIBUS ORDER ON DEFENDANTS' MOTIONS TO DISMISS

THIS MATTER is before me on Defendant Louis N. Gallo's Motion to Dismiss (ECF No. 10) and Defendant Martin Vegas' Motion to Dismiss (ECF No. 12). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, Defendant Louis N. Gallo's Motion to Dismiss is denied, and Defendant Martin Vegas' Motion to Dismiss is granted in part and denied in part.

### I. BACKGROUND

Plaintiff David S. Mandel is the Receiver for Commodities Online, LLC ("COL") and Commodities Online Management, LLC ("COM"). The Court appointed Mandel as Receiver on April 1, 2011, in a related case pending before this Court, *Securities and Exchange Commission v. Commodities Online, LLC, et al.*, Case No. 11-60702 (S.D. Fla.) (the "SEC enforcement action"). Mandel alleges that, from January 26, 2010, to April 1, 2011, Defendant Louis N. Gallo, COL's Vice President and Director of Sales, operated a Ponzi scheme that allowed him and others to steal and misappropriate COL funds. As part of the scheme, Gallo and others

solicited investors by promising significant returns from commodities contracts negotiated and made available through COL.  The representations made to investors were false, as COL never made a business profit and relied on new investor funds to pay returns to early investors.  Mandel alleges that, in order to make the scheme difficult to detect, Gallo and others regularly transferred COL funds from one related entity to another.  According to Mandel, Gallo and others controlled the entities used to move the funds.  Mandel claims there was no other business purpose for transferring funds in this manner.

Mandel instituted this action on October 6, 2011.  Mandel asserts causes of action against Gallo and Vegas for conversion and breach of fiduciary duty.  Each defendant filed a separate motion to dismiss.  Gallo moves to dismiss the Complaint on the grounds that (1) Mandel has failed to join indispensible parties, (2) the Complaint fails to state a cause of action for conversion, and (3) the Complaint fails to state a cause of action for breach of fiduciary duty.  Vegas moves to dismiss the Complaint on the following grounds:  (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) failure to state a claim for conversion; (4) failure to state a claim for breach of fiduciary duty; and (5) failure to join an indispensible party.  The Court will address each of these grounds for dismissal.

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).  A plaintiff bears the burden of establishing subject matter jurisdiction.  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).  A defendant bringing a motion to dismiss under Rule 12(b)(1)

of the Federal Rules of Civil Procedure may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion-the court must consider the allegations of the complaint to be true." *Id.* at 1529. A defendant may also bring a "factual attack" challenging "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . .'" *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980)).

**B.  Rule 12(b)(2)**

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). Once the defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.*

**C.  Rule 12(b)(6)**

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss filed under Rule 12(b)(6), the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

**D.  Rule 12(b)(7)**

Pursuant to Rule 12(b)(7), a party may move for dismissal for "failure to joint a party under Rule 19." Rule 19 requires joinder of an indispensable party. Fed. R. Civ. P. 19. Under Rule 19, a court must employ a two-part test to determine whether a party is indispensable. "First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1279-80 (11th Cir. 2003).

### III. DISCUSSION

**A.  Subject Matter Jurisdiction**

Vegas contends that this Court does not have subject matter jurisdiction over the present action because it lacks an independent basis for jurisdiction. A district court possesses supplemental jurisdiction over "all other claims that are so related to claims in the action within

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.  Courts have long recognized a federal court's supplemental jurisdiction over actions related to a receivership established in federal court.  *See, e.g., Pope v. Louisville, N.A. & C. Ry.*, 173 U.S. 573, 577 (1899); *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 363 (4th Cir. 2010); *Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 822 (6th Cir. 1981); *Tcherepnin v. Franz*, 485 F.2d 1251, 1255 (7th Cir. 1973); *Wiand v. Buhl*, No. 10-CV-75-T-17MAP, 2011 WL 6048829, at *2-3 (M.D. Fla. Nov. 3, 2011) (collecting cases).

The complaint in the SEC enforcement action alleges that COL and COM violated numerous federal securities laws through the operation of a Ponzi scheme.  In that case, the Court appointed Mandel as Receiver, and directed him to:

> [i]nvestigate the manner in which the affairs of the Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Defendants and their investors and other creditors, as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver may claim have wrongfully, illegally, or otherwise improperly misappropriated or transferred monies or other proceeds directly or indirectly traceable from investors . . . .

(Order Appointing Receiver at 2, Case No. 11-60702, ECF No. 5).  The instant action aims to recover COL funds that Gallo, Vegas, and others allegedly wrongfully misappropriated or transferred, which are directly or indirectly traceable to investors.  Mandel instituted the present action in furtherance of his duties as Receiver in the SEC enforcement action.  This Court can properly assert supplemental jurisdiction over the present action pursuant to 28 U.S.C. § 1367.

**B. Personal Jurisdiction**

Vegas argues that this Court lacks personal jurisdiction over him because he "is not alleged to have committed an act in Florida."[1] (Vegas Reply at 2). Vegas does not develop this argument with any facts or citation to law. Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point." *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 (10th Cir. 2001) (internal quotation omitted); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (internal quotation omitted)). This Court will not make Vegas' arguments for him.

In any case, the Complaint appears legally sufficient. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Mandel alleges that Vegas resides in Florida and works at COL, a Florida corporation. The alleged conversion and breach of fiduciary duty allegedly occurred while Vegas worked at COL. The Complaint provides sufficient facts for this Court to find it has personal jurisdiction over Vegas.

**C. Joinder**

Gallo asserts that a number of third parties should have been joined in this litigation, including the Mexican companies and individuals that Mandel alleges are transferees of certain COL funds.[2] Vegas joins Gallo in this motion.

---

[1] Vegas withdrew his objections to service of process.

[2] Gallo does not address joinder of the companies he allegedly owns, American Financial and Minjo. Gallo does not respond to Mandel's assertion that Minerales Yacimientos y Reservas is a fictitious company, which by law cannot be joined. *See Grover City v. US Postal Service*, 391 F. Supp. 982 (C.D. Cal 1975). Thus, the Court will only address joinder issues regarding: Terracerias y Pavimentos, Grupo Minero Leecota, Jorge Ortega Balderas, Diego Diaz Ceballos Torre, and Franscisco Javier Ortiz Gonazelz (collectively, the "Mexican companies and individuals").

A person must be joined as a party if (1) the court cannot accord complete relief in its absence, (2) the person has an interest relating to the subject of the action and the person's absence may impede the person's ability to protect their interest, or (3) the person's absence will leave an existing party subject to a substantial risk of multiple or inconsistent obligations.  Fed. R. Civ. P. 19(a)(1).  Gallo and Vegas bear the burden of showing that the Mexican companies and individuals are necessary or indispensible parties.  *See West Peninsular Title Co. v. Palm Beach Cnty.*, 41 F.3d 1490, 1492 (11th Cir. 1995); *BFI Waste Sys. of N. Am. v. Broward Cnty.,* 209 F.R.D. 509, 514 (S.D. Fla. 2002).

The Defendants first argue that the Mexican companies and individuals are necessary parties because failure to join them will require him to face multiple lawsuits.  They argue that, should Mandel succeed in this suit, he may obtain a double recovery by suing the Mexican companies and individuals for the same wrong.  The Mexican corporations and individuals will then seek indemnification from the Defendants, exposing them to "impermissible double recovery and imposition of double liablity."  The fact that the Defendants may be liable in a hypothetical future action for indemnification is not enough to make the Mexican companies and individuals necessary to this suit.  *See Davis Co. v. Emerald Casino, Inc.,* 268 F.3d 477, 484-85 (7th Cir. 2001); *Hochuli v. Delgado,* No. 09-23225, 2011 WL 844240, at *2 (S.D. Fla. Mar. 8, 2011); *United States v. Janke*, No. 09-14044, 2009 WL 2525073, at *2 (S.D. Fla. Aug. 17, 2009); *Rotec Indus. v. Aecon Grp., Inc.,* 436 F. Supp. 2d 931, 937 (N.D. Ill. 2006).

Gallo next argues that the Mexican companies and individuals are necessary because COL has a contractual relationship with these entities.  Mandel's claims against Gallo and Vegas are based in tort, not contract.  Rule 19 does not require the joinder of joint tortfeasors.  *See* 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 1623

(3d ed. 2001); *see also Brown v. Reed Elsevier, Inc.*, No. 08-81574, 2009 WL 3064751, at *3 &
n.4 (S.D. Fla. Sept. 22, 2009) ("[A] party to a contract is only indispensable when the terms of
contract are actually at issue.").

Further, a person is not necessary to the action if existing parties are able to adequately
protect the interests of the nonparty.  *See Ramah Navajo Sch. Bd. v. Babbitt,* 87 F.3d 1338, 1351
(D.C. Cir. 1996); *Brown*, 2009 WL 3064751, at *3.  If the Mexican companies or individuals
have any interest in this litigation,[3] it is in the transferred COL funds, which Gallo and Vegas
allegedly converted.  It appears that the Mexican companies and individuals have the same
property interest as Gallo and Vegas, and the Defendants have not put forth any facts showing
why they are unable to adequately defend this interest.

Because the Defendants have not met their burden of showing that the Mexican
companies and individuals are necessary parties, I need not consider whether the nonparties can
be feasibly joined or are indispensible parties to this action.

**D.  Conversion Claims**

Gallo and Vegas both contend that Mandel's Complaint fails to allege sufficient facts to
state a claim for conversion.  "Conversion is an unauthorized act which deprives another of his
property permanently or for an indefinite time."  *Nat'l Union Fire Ins. Co. of Pa. v. Carib
Aviation, Inc.*, 759 F.2d 873, 878 (11th Cir. 1985) (quoting *Senfeld v.  Bank of Nova Scotia Trust
Co. (Cayman)*, 450 So. 2d 1157, 1160-61 (Fla. Dist. Ct. App. 1984)) (internal quotation marks
omitted).  "The essence of the tort is not the acquisition of the property; rather, it is the wrongful
deprivation."  *Id*.  Under Florida law, to succeed on a claim for conversion of money, a plaintiff
must establish that an unauthorized act deprived plaintiff of his right to possess specific and

---

[3] There appears to be a factual dispute regarding whether or not the Mexican companies and individuals currently
hold the allegedly converted funds.  Whether they do or not is not determinative because Mandel seeks a legal
remedy, not an equitable remedy.

identifiable money. *See Tambourine Comerico Internacional SA v. Solowsky*, 312 F. App'x 263, 271-72 (11th Cir. 2009). Further, the general rule is that, when the act alleged amounts to conversion regardless of whether demand is made, demand and refusal are unnecessary to the claim. *See id.* at 272 (quoting *Goodrich v. Malowney*, 157 So. 2d 829, 832 (Fla. Dist. Ct. App. 1963)).

Mandel alleges sufficient facts to state a claim for conversion against Gallo and Vegas. Mandel alleges that Gallo and Vegas each converted COL funds for his own use and benefit. These funds were misappropriated from investors as part of the Defendants' Ponzi scheme. As to Gallo, Mandel identifies eight transactions by the date the transaction occurred, the specific amount of money transferred, and the company or person who received the transfer. As to Vegas, Mandel identifies the transaction in which Vegas allegedly converted COL funds by time period and amount of money. Mandel sufficiently alleges that these transactions were unauthorized. At this stage, Mandel is not required to prove his case for conversion, but only to state a plausible claim for relief. The facts he puts forth are sufficient to state a claim for conversion.

### E. Breach of Fiduciary Duty Claims

To establish a claim for breach of fiduciary duty, a plaintiff must show that (1) the defendant owed a fiduciary duty to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff's damages. *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002). "Florida law has long recognized that corporate officers and directors owe duties of loyalty and a duty of care to the corporation." *In re Aqua Clear Techs., Inc.,* 361 B.R. 567, 575 (Bankr. S.D. Fla. 2007) (citing *Cohen v. Hattaway,* 595 So. 2d 105 (Fla. Dist. Ct. App. 1992); *B & J Holding Corp. v. Weiss,* 353 So. 2d 141 (Fla. Dist. Ct. App. 1978)). Corporate

directors and officers must act in good faith and in the best interest of the corporation.  *Cohen,* 595 So. 2d at 107.  However, a "mere employee" of a corporation generally does not occupy a position of trust and owe a fiduciary duty unless he also serves as its agent.  *Renpak, Inc. v. Oppenheimer*, 104 So. 2d 642, 644 (Fla. Dist. Ct. App. 1958).

Mandel asserts that Gallo, as COL's Vice President, owed a fiduciary duty to COL and its investors to safeguard and prudently manage COL funds.  Mandel alleges several breaches of that duty, including:  (1) personally stealing and misappropriating COL funds; (2) transferring funds to Mexico without assuring that COL was authorized to do business there; (3) continuing to solicit money from new investors and wire funds after being warned by legal counsel to not do so; and (4) transferring funds without adequate controls and documentation to insure the company's assets and funds.  (Compl. ¶¶ 42-46).  He asserts that as a result of these various breaches, COL suffered losses of $3 million.  Mandel pleads sufficient facts to state a claim that Gallo breached his fiduciary duty to COL and its investors.[4]

Vegas contends that he does not owe any fiduciary duties to COL because he is a mere employee of the company.  Mandel alleges that Vegas was the "Procurement Director" for COL.  Vegas' title alone does not give this Court an indication of whether or not this is a controlling position or a position of trust. Mandel's allegation that "Howard, Gallo, and Vegas were controlling individuals and/or officers and employees of COL" is not sufficiently definite for this Court to determine that Vegas was a controlling individual or officer at COL.  Mandel does not allege that Vegas serves as COL's agent.  For these reasons, Mandel's claim for breach of fiduciary duty against Vegas is dismissed without prejudice.

---

[4] Gallo asserts that Florida's "business judgment rule" protects him from this claim.  "The application of the business judgment rule for the purposes of a motion to dismiss is questionable," as such a defense generally involve factual determinations.  *F.D.I.C. v. Stahl*, 840 F. Supp. 124, 128 (S.D. Fla. 1993).  The Court will not consider the affirmative defense at this stage of the proceedings.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant Gallo's Motion to Dismiss (ECF No. 10) is **DENIED** and Defendant Vegas' Motion to Dismiss (ECF No. 12) Plaintiff Mandel's Complaint is **GRANTED in part and DENIED in part**. Plaintiff's claim for breach of fiduciary duty is **DISMISSED** *without prejudice*. Plaintiff's claim for conversion remains. Plaintiff may file an Amended Complaint within twenty-one days of this Order.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of March 2012.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

11